**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LEE EVANS, | Civil Action No. |
|        Plaintiff, |    2:14-CV-120-KM-MAH |
| vs. | |
| NEWARK CITY, former Mayor CORY A. BOOKER, NEWARK POLICE DEPARTMENT, former NEWARK POLICE DIRECTOR GARRY MCCARTHY, Officer JOE HADLEY, Detective RASHID SABUR, Detective KEITH SHEPPARD, SGT. DARNELL HENRY, Detective JOSEPH HADLEY, Officer ANGEL RAMOS, NEWARK POLICE OFFICER JOHN DOE (1-10), ESSEX COUNTY NEW JERSEY, ESSEX COUNTY PROSECUTOR'S OFFICE former acting ESSEX COUNTY PROSECUTOR ROBERT D. LAURINO, former ESSEX COUNTY PROSECUTOR PAULA T. DOW, Assistant Prosecutor PETER GUARINO; Assistant Prosecutor CHERYL CUCINELLO, Detective LOUIS CORREGA, Detective CHRISTOPHER SMITH, Lt. LOU CORREGA, Agency JACK EUTSEY, Detective MICHAEL M. RECKTENWALD, Investigator EDWARD JONES, Investigator PATRICK DEFRANCISCI,  ESSEX COUNTY SHERIFF'S OFFICE, Sheriff Officers JOHN DOE (1-10), STATE OF NEW JERSEY, JUDGE PETER J. VASQUEZ, NEW JERSEY STATE POLICE DEPARTMENT, Detective Sergeant WILAM TIET JEN, and NEW JERSEY STATE TROOPER (1-10) | **Electronically Filed** |
|        Defendants. | |

---

**BRIEF IN SUPPORT OF THE STATE OF NEW JERSEY
AND THE ESSEX COUNTY PROSECUTOR'S OFFICE
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT**

---

**John M. Bowens, Esq. (009711973)
SCHENCK, PRICE, SMITH & KING, LLP**
220 Park Avenue, P.O. Box 991
Florham Park, New Jersey 07932
(973) 539-1000
Attorneys for Defendants, the State of
New Jersey; the Essex County
Prosecutor's Office; Acting Essex
County Prosecutor Robert Laurino;
Former Essex County Prosecutor Paula
Dow; Assistant Prosecutor Peter
Guarino; Assistant Prosecutor Cheryl
Cucinello; ECPO Detective Louis
Coregga; ECPO Detective Christopher
Smith; ECPO Detective Michael
Recktenwald; ECPO Agent Jack Eutsey;
ECPO Investigator Edward Jones and,
ECPO Investigator Patrick DeFrancisci

On the Brief:

    John M. Bowens, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................... iii

PRELIMINARY STATEMENT.......................................... 1

STATEMENT OF FACTS............................................. 3

  POINT I ...................................................... 3

   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED.
   R. CIV.P. 12(b) FOR FAILURE TO STATE A CLAIM UPON
   WHICH RELIEF CAN BE GRANTED ................................. 3

  POINT II ..................................................... 6

   ALL OF PLAINTIFF'S CLAIMS FALL OUTSIDE THE STATUTE
   OF LIMITATIONS .............................................. 6

  POINT III .................................................... 7

   THE DEFENDANTS ARE NOT "PERSONS" WITHIN THE MEANING
   OF 42 U.S.C 1983 OR THE NEW JERSEY CIVIL RIGHTS ACT ........ 7

  POINT IV ..................................................... 10

   THE STATE LAW CLAIMS IN PLAINTIFF'S COMPLAINT
   SHOULD BE DISMISSED AS BARRED BY THE NEW JERSEY
   TORT CLAIMS ACT ............................................. 10

  POINT V ...................................................... 12

   THE INDIVIDUAL PROSECUTOR DEFENDANTS ARE ENTITLED
   TO ABSOLUTE IMMUNITY ........................................ 12

    A.   All activities within the role of
    "Prosecutor" are subject to absolute immunity............ 12
    B.   Supervisory activities fall within the
    blanket of absolute immunity. ........................... 15

C.   The individual investigators assigned to the
ECPO are entitled to absolute immunity. .................. 16

POINT VI ..................................................... 18

THE INDIVIDUAL ECPO DEFENDANTS ARE ENTITED TO
QUALIFIED IMMUNITY FOR ALL CLAIMS ASSERTED IN THE
COMPLAINT ................................................ 18

POINT VII ................................................... 23

PLAINTIFF HAS FAILED TO MAKE A PRIMA FACIE SHOWING
THAT THE ESSEX COUNTY PROSECUTOR'S OFFICE HAD A
POLICY OR CUSTOM THAT CAUSED A VIOLATION OF HIS
CONSTITUIONAL RIGHTS ..................................... 23

CONCLUSION.................................................. 25

**TABLE OF AUTHORITIES**

<u>PAGE</u>

**CASES**

<u>Anderson v. Creighton</u>, 483 <u>U.S.</u> 635, 639 (1987)....... 19, 20, 21

<u>Ashcroft v. Iqbal</u>, 556 <u>U.S.</u> 662 (2009).................. 3, 4, 5

<u>Baker v. McCollan</u>, 443 <u>U.S.</u> 137, 140 (1979)................... 19

<u>Bell Atlantic Corp. v. Twombly</u>, 550 <u>U.S.</u> 544 (2007).. 3, 4, 5, 24

<u>Biase v. Kaplan</u>, 852 <u>F. Supp</u>. 268, 287 (D.N.J. 1994)......... 22

<u>Bistrian v. Levi</u>, 696 <u>F.3d</u> 352, 365 (3d Cir. 2012)............. 4

<u>Board of Cty Comm'rs v. Brown</u>, 520 <u>U.S.</u> 397, 400, 415

  (1997) ...................................................... 23

<u>Burns v. Reed</u>, 500 <u>U.S.</u> 478, 485 (1991)...................... 14

<u>Christie v. Jeney</u>, 167 <u>N.J.</u> 509, 519 (2001)................... 6

<u>City of Canton v. Harris</u>, 489 <u>U.S.</u> 378, 385 (1989)............ 23

<u>Crawford-El v. Britton</u>, 523 <u>U.S.</u> 574, 588 (1998)............. 19

<u>Davis v. Grusemeyer</u>, 996 <u>F.2d</u> 617, 631-632 (3d Cir.

  1993) ...................................................... 16

<u>Delbridge v. Office of Public Defender, et al.</u>, 238

  <u>N.J. Super.</u> 288, 304 (App. Div. 1989) ...................... 10

<u>Didiano v. Balicki</u>, 488 <u>Fed</u>. Appx. 634 (3d Cir.2012)........... 9

<u>Dory v. Ryan</u>, 25 <u>F.3d</u> 81, 83 (2d Cir. 1994).............. 12, 13

<u>Dunne v. Fireman's Fund American Ins. Co.</u>, 69 <u>N.J.</u>

  244, 248 (1976) ............................................ 10

<u>Giuffre v. Bissell</u>, 31 <u>F.3d</u> 1241, 1251 (3d Cir. 1994)........ 12

<u>Good v. Dauphin County Social Serv. for Children and</u>

  <u>Youth</u>, 891 <u>F.2d</u> 1087 (3d Cir. 1989) ........................ 20

<u>Gordon v. Berkeley Twp Police</u>, 2011 <u>U.S. Dist</u>. LEXIS

  69595,*12 (D.N.J. June 27, 2011) ........................... 15

<u>Grant v. City of Pittsburgh</u>, 98 <u>F.3d</u> 116, 121 (3d Cir.

  1996) ...................................................... 21

Gruenke v. Seip, 225 F. 3d 290, 298 (3d Cir. 2000......... 19, 20

Hare v. Woodhead, No. 08-5894, 2011 U.S. Dist. LEXIS

  50224 (D.N.J. May 6, 2011) .............................. 18, 20

Harlow v. Fitzgerald, 457 U.S. 800, 811 (1982)........ 12, 18, 19

Hayes v. County of Mercer, 217 N.J. Super. 614, 621-22

  (App. Div. 1987) ........................................... 10

Hunter v. Bryant, 502 U.S. 224, 227 (1991).................... 18

Imbler v. Pachtman, 424 U.S. 409 (1976).......... 12, 13, 14, 15

Kalina v. Fletcher, 522 U.S. 118 (1997)...................... 14

Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), supra

  475 U.S. at 817 ............................................ 18

Monell v. Dep't of Soc. Services of the City of New

  York, 436 U.S. 658, 690 (1978) ......................... 23, 24

Paff v. Kaltenbach, 204 F.3d 425, 437 (3d Cir. 2000).......... 19

Pembur v. City of Cincinnati, 475 U.S. 469, 483-85

  (1986) .................................................... 23

Printing Mart-Morristown v. Sharp Electronics Corp.,

  116 N.J. 739,768 (1989) ..................................... 6

Puerto Rico Aqueduct and Sewer Auth. v. Metcalf &

  Eddy, Inc., 506 U.S. 139 (1993) ........................... 18

Ramirez v. U.S., 998 F. Supp. 425, 432 (D.N.J. 1998)......... 21

Robert v. White, 620 F.Supp.2d 620, 623-624 (D. Del.

  2009) ................................................. 12, 25

Van De Kamp v. Goldstein, 129 S. Ct. 855, 861-64

  (2009) .................................................... 15

Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975)........... 16

West v. Atkins, 487 U.S. 42, 49 (1988)........................ 7

Will v. Michigan Dept. of State Police, 491 U.S. 58,

  66, 109 S. Ct. 2304, 105 L. Ed. 2d 45, 66 (1989) ............ 7

iv

Zuk v. Eastern Pennsylvania Psychiatric Institute of
   the Medical College of Pennsylvania, 103 F.3d 294,
   299 (3d Cir. 1996) ........................................ 24

**STATUTES**

N.J.S.A. § 2A:14-3......................................... 6
N.J.S.A. §10:6-2........................................... 8
N.J.S.A. 59:1-1, et seq................................... 10
N.J.S.A. 59:3-14(a)....................................... 10
N.J.S.A. 59:3-8........................................... 10

**RULES**

42 U.S.C. §1983............................................ 7

## **PRELIMINARY STATEMENT**

Plaintiff Lee Evans ("Plaintiff" or "Evans") brings this nine count complaint ("Complaint") alleging a variety of claims against the State of New Jersey ("State"); the Essex County Prosecutor's Office ("ECPO"); Acting Essex County Prosecutor Robert Laurino; Former Essex County Prosecutor Paula Dow; Assistant Prosecutor Peter Guarino; Assistant Prosecutor Cheryl Cucinello; ECPO Detective Louis Coregga; ECPO Detective Christopher Smith; ECPO Detective Michael Recktenwald; ECPO Agent Jack Eutsey; ECPO Investigator Edward Jones; and ECPO Investigator Patrick DeFrancisci (collectively "ECPO Defendants" except for the State). Those allegations fail for a variety of reasons and the State and the ECPO Defendants move this Court to grant their motion to dismiss.

Initially, a presentation was made over a period of three days to an Essex County Grand Jury which found that there was probable cause to indict Plaintiff for the murder of five (5) young men who had apparently stolen drugs from him. The grand jury's determination of probable cause renders moot the counts in the complaint alleging false imprisonment and false arrest.

Additionally, all of the allegations in the Complaint suffer from the failure to provide the factual basis required for such pleadings and are consequently subject to a motion to dismiss. Moreover, to the extent such claims can even be made

against them, each of the defendants is entitled to judicially crafted immunities. Finally, even granting Plaintiff the furthest conceivable reach, none of his claims falls within the applicable statute of limitations.

A fair reading of the Complaint necessarily leads to the conclusion that it is heterotelic, drawing its meaning not from a violation of the plaintiff's rights but rather a desire for revenge against anyone who, in Evan's view, was even tangentially involved in his prosecution. Such a crusade falls well short of the mark necessary to sustain the Complaint against a motion to dismiss.

## **STATEMENT OF FACTS**

The State and ECPO Defendants rely upon the statement of facts set forth in the motion to dismiss filed by the New Jersey State Police ("NJSP") and incorporates it by reference, herein.

## **POINT I**

**THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV.P. 12(b) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) the Supreme Court delineated the contours of a properly pleaded complaint. In Twombly, the Court held:

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

550 U.S. at 555. (Internal citations and brackets omitted.)

The Iqbal Court explained that:

> t]wo working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

556 U.S. at 678-79. (Internal citations omitted.)(Emphasis added.)

The Third Circuit has distilled the holdings of Twombly and Iqbal into a three-step process. In, Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012), the Court held that to test the sufficiency of a complaint:

> [f]irst, we outline the elements a plaintiff must plead to a state a claim for relief. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. Finally, we look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. This last step is "a context-specific task that requires

> the reviewing court to draw on its judicial
> experience and common sense.

(Citations and internal quotations omitted.)

The Complaint, here, does not vault the hurdle erected by Twombly and Iqbal. Although replete with allegations of wrong-doing, the Complaint fails to set forth a single fact from which this Court can glean a "plausible" basis for relief. Instead, it mirrors the conclusory pleadings which Iqbal and Twombly found unacceptable.

For example, Count One alleges that the Plaintiff was the victim of false arrest and imprisonment, but his only basis for that claim is the bald assertion that the State and the ECPO Defendants lacked probable cause to arrest him and that they fabricated evidence. Beyond such conclusions masquerading as facts, each count of the Complaint is bereft of any factual support or specificity.

In sum, to survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, supra, 556 U.S. at 678. (Citing, Twombly.) The Complaint, here, fails to meet this standard and should be dismissed.

## POINT II

### ALL OF PLAINTIFF'S CLAIMS FALL OUTSIDE THE STATUTE OF LIMITATIONS

These Defendants join in the arguments at Point II of the brief in support of the motion to dismiss filed by the NJSP which addresses the allegations set forth in counts 1 through 4 and 6 through 9 of the Complaint.  As pointed out by the NJSP, those allegations fall outside of the applicable two-year statute of limitations.

Count 5 of the Complaint alleges that these Defendants publically and privately defamed the Plaintiff. At the outset, that count fails to set forth the requisite specifics required for such a pleading and is subject to dismissal on that ground alone. _Printing Mart-Morristown v. Sharp Electronics Corp._, 116 _N.J._ 739,768 (1989).

Moreover, although count 5 is devoid of any information regarding the timing of the alleged statements, it is apparent that they were made prior to Evans' acquittal on November 23, 2011.   The Complaint was filed on December 9, 2013, over two years after Evans' acquittal. Pursuant to _N.J.S.A._ § 2A:14-3 complaints for libel and slander must be brought within _one_ year of the alleged defamatory statement. _Christie v. Jeney_, 167 _N.J._ 509, 519 (2001). Accordingly, count 5 of the complaint should also be dismissed as beyond the statute of limitations.

## POINT III

**THE DEFENDANTS ARE NOT "PERSONS" WITHIN THE MEANING OF 42 U.S.C 1983 OR THE NEW JERSEY CIVIL RIGHTS ACT**

Plaintiff's federal claims are brought under the auspices 42 U.S.C. §1983.   In order to assert a claim for alleged violations of civil rights under §1983, a plaintiff must detail a violation of a right secured by the constitution of the United States or the laws of the United States, and must further allege that the deprivation was committed by a "person" acting under color of state law.  West v. Atkins, 487 U.S. 42, 49 (1988).

The State and the ECPO are not "persons" within the meaning of §1983, nor are their agents or employees when acting in their official capacity.   Since § 1983 provides the only vehicle for pursuing a claim of a violation of a constitutional right under color of state law, the complaint against the State and the ECPO Defendants should be dismissed.

In, Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45, 66 (1989) the Supreme Court held that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties". (Citations omitted.) As a corollary to that principle, the Court found that: "[a] state official acting in his or her official capacity

is not a person that can be sued within the meaning of Section 1983". Id. at 71. (Citations omitted.)

Under the New Jersey Civil Rights Act, ("NJCRA"), N.J.S.A. §10:6-2, only "a person acting under color of law," is a proper defendant. (Emphasis added.)  The NJCRA does not define the word "person," but this Court has looked elsewhere in the New Jersey code for a definition and found:

> [u]nless it be otherwise expressly provided or there is something in the subject or context repugnant to such construction, the following words and phrases, when used in any statute and in the Revised Statutes, shall have the meaning herein given to them. . . The word "person" includes corporations, companies, associations, societies, firms, partnerships and joint stock companies as well as individuals . . . and, when used to designate the owner of property which may be the subject of an offense, includes this State, the United States, any other State of the United States as defined infra and any foreign country or government lawfully owning or possessing property within this State. N.J.S.A. § 1:1-2.

> *        *        *

> In other words, under its own laws, the State of New Jersey generally only qualifies as a 'person' in the limited circumstance of property crimes.

> Sussino v New Jersey Division of State Police, 2012 U.S. Dist.) LEXIS149948, *17-

> 18. (Citation omitted.) See, Indep. Enters. Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165 (3d Cir. 1997). Cf. Miller v. Waterford Township, 2014 U.S. Dist. *LEXIS* 11416 (D.N.J. January 30, 2014.)

The Third Circuit has made it clear that the definition of "person" under §1983 and the NJCRA are identical and do not encompass claims against states, their subdivisions or their agents acting in an official capacity. Didiano v. Balicki, 488 Fed. Appx. 634 (3d Cir.2012). Accordingly, these counts of plaintiff's complaint should be dismissed.

<u>**POINT IV**</u>

**THE STATE LAW CLAIMS IN PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS BARRED BY THE NEW JERSEY TORT CLAIMS ACT**

The New Jersey Tort Claims Act ("TCA") <u>N.J.S.A.</u> 59:1-1, et seq. governs all claims for damages against public entities and their employees. In enacting the TCA, the Legislature established that a public employee is not liable for "injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment." <u>N.J.S.A.</u> 59:3-8. As state employees, county prosecutors are entitled to prosecutorial immunity under the TCA provided that their conduct is not outside the scope of their employment or "a crime, actual fraud, actual malice or willful misconduct." <u>N.J.S.A.</u> 59:3-14(a); <u>Dunne v. Fireman's Fund American Ins. Co.</u>, 69 <u>N.J.</u> 244, 248 (1976); <u>see also</u>, <u>Hayes v. County of Mercer</u>, 217 <u>N.J. Super.</u> 614, 621-22 (App. Div. 1987) (holding that the prosecutor and assistant prosecutor were entitled to absolute immunity under the TCA for their conduct in an extradition proceeding); <u>Delbridge v. Office of Public Defender, et al.</u>, 238 <u>N.J. Super.</u> 288, 304 (App. Div. 1989) (finding that Assistant Deputy Public Defender was absolutely immune from suit under the TCA).

The ECPO Defendants are entitled to absolute immunity under the TCA because they acted under color of law in their official prosecutorial capacity at all times during the events giving rise to plaintiff's Complaint.[1]   Accordingly, all of the plaintiff's state claims should be dismissed.

---

[1] The state was not involved in the prosecution of the Plaintiff, other than in the sense that it has the ultimate authority over county prosecutors.

## <u>POINT V</u>

**THE INDIVIDUAL PROSECUTOR DEFENDANTS ARE ENTITLED TO ABSOLUTE IMMUNITY**

**A.   All activities within the role of "Prosecutor" are subject to absolute immunity.**

The individual ECPO Defendants are entitled to absolute immunity under 42 <u>U.S.C.</u> §1983.  Prosecutors are absolutely immune for all actions performed in their "quasi-judicial" roles and the scope of absolute immunity includes all activities intimately associated with the judicial process, including initiating and pursuing a criminal prosecution and presenting the State's case in court.  <u>Imbler v. Pachtman</u>, 424 <u>U.S.</u> 409 (1976); <u>Robert v. White</u>, 620 <u>F.Supp</u>.2d 620, 623-624 (D. Del. 2009).

In determining whether absolute immunity applies to particular actions, courts must engage in a "functional" examination of the alleged conduct. <u>Harlow v. Fitzgerald</u>, 457 <u>U.S.</u> 800, 811 (1982); <u>Giuffre v. Bissell</u>, 31 <u>F.3d</u> 1241, 1251 (3d Cir. 1994).  In undertaking such scrutiny, the Second Circuit in <u>Dory v. Ryan</u>, 25 <u>F.3d</u> 81, 83 (2d Cir. 1994) found that:

> In <u>Buckley</u>, the Supreme Court made clear that the proper analysis for determining whether particular actions of an official are absolutely immune from §1983 liability is the 'functional approach,' which looks solely to the nature of the function performed.  <u>See Buckley</u>, 113 <u>S. Ct</u>. at 2613.

Absolute immunity will apply to a prosecutor's conduct that is "intimately associated with the judicial phase of the criminal process," but not to a prosecutor's acts of investigation or administration. *Id.* at 2614. The application of immunity is not limited to the duties a prosecutor performs in the courtroom. *Id.* at 2615.

Significantly, the Court clarified the holding in Imbler v. Pachtman, 424 U.S. 409, 430 n.32, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976) that efforts to control the presentation of "[a] witness' testimony" are within the function of the prosecutor. Buckley, 113 S. Ct. at 2615. The Court in Buckley stated:

> We have not retreated . . . from the principal that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. **Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.** *Id.*

(Emphasis added).

The Dory Court went on to address a prosecutor's discretion, evaluation and use of allegedly perjurious evidence assembled by the police, holding that:

> absolute immunity protects a prosecutor from §1983 liability for **virtually all acts**, regardless of motivation, associated with his function as an advocate. **This would even include, for purposes of this case, allegedly conspiring to present false evidence at a criminal trial**. The fact that such a conspiracy is certainly not something that is properly within the role of a prosecutor is immaterial, because 'the immunity attaches to his function, not to the manner in which he performed it.' Barrett v. United States, 798 F.2d 565, 573 (2d. Cir. 1986.

Ibid.(Emphasis added).

A prosecutor has immunity for both the use and solicitation of evidence in connection with a prosecution. See Burns v. Reed, 500 U.S. 478, 485 (1991). Moreover, even "malicious or dishonest action" by a prosecutor is entitled to absolute immunity, so long as the action is part of the judicial process. Imbler, 424 U.S. at 430-32 (a prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence at trial). Absolute prosecutorial immunity also applies to all pre-trial and trial stages of criminal proceedings where the prosecutor acts as an advocate for the State. Kalina v. Fletcher, 522 U.S. 118 (1997).

The Complaint alleges a variety of prosecutorial wrong doing on the part of the Defendants, including withholding Brady

material; fabricating evidence; false arrest; and, coercion of witnesses, among others.  None of those allegations survives application of the absolute immunity afforded by <u>Imbler v. Pachtman</u>. Accordingly, those allegations should be dismissed.

**B.  Supervisory activities fall within the blanket of absolute immunity.**

Moreover, to the extent that §1983 claims are asserted against the aforementioned prosecutors based upon supervisory liability, their right to absolute immunity is not compromised. <u>Van De Kamp v. Goldstein</u>, 129 <u>S. Ct.</u> 855, 861-64 (2009).  This Court has held that:

> [a]bsent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities, and - in addition - supervising officials cannot be held liable for actions of their subordinates <u>unless the litigant asserts facts</u> showing these supervisors' personal involvement in the alleged wrongs. With the same token, claims against the supervisors are subject to dismissal to the degree they are based solely on the respondeat superior theory.

<u>Gordon v. Berkeley Twp Police</u>, 2011 <u>U.S. Dist</u>. LEXIS 69595,*12 (D.N.J. June 27, 2011) (Internal citation omitted.)(Emphasis added.)

Given the complete lack of factual support in the Complaint for such claims, they are subject to the application of absolute immunity. Therefore, all claims alleging supervisory liability should be dismissed.

**C. The individual investigators assigned to the ECPO are entitled to absolute immunity.**

The Third Circuit has held that an investigator employed by the prosecutor will be granted absolute immunity when the employee's function is closely allied to the judicial process. Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975). In Davis v. Grusemeyer, 996 F.2d 617, 631-632 (3d Cir. 1993) the Court reaffirmed the holding in Waits that:

> [a]n investigator directly employed by the district attorney to do a particular investigative job relating to the prosecution of an accused is not the equivalent of the ordinary police officer, who is empowered by the state to initiate discretionary acts depriving others of their rights and whose many activities in the prevention of crime and law enforcement need not be related to the judicial process. In the same way, an investigator of the public defender has not power to deprive anyone of his or her rights. The only function of such an investigator is to assist in the defense [or prosecution] of the accused, a function directly related to the judicial process.

The Davis Court noted that other Courts of Appeal shared the reasoning in Waits and extended absolute immunity to employees of a prosecutor's office:

> [o]ther Circuits have held what this court implied in *Waits*: **those investigators for a prosecutor performing investigative work in connection with a criminal prosecution deserve the same absolute immunity as the**

> **prosecutor.** See <u>Gobel v. Maricopa County</u>, 867 <u>F.2d</u> 1201, 1203 n.5 (9th Cir. 1989); <u>Keating v. Martin</u>, 638 <u>F.2d</u> 1121, 1122 (8th Cir. 1980) (*per curiam*); <u>Atkins v. Landing</u>, 556 <u>F.2d</u> 485, 488-89 (10th Cir. 1977) (emphasis added).

Id. at 632 (emphasis added).  Application of absolute immunity requires the dismissal of the allegations against the individual members of the ECPO.

<u>**POINT VI**</u>

**THE INDIVIDUAL ECPO DEFENDANTS ARE ENTITED TO QUALIFIED IMMUNITY FOR ALL CLAIMS ASSERTED IN THE COMPLAINT**

The Complaint asserts claims against the individual ECPO Defendants in both their individual and official capacities. The Defendants are entitled to qualified immunity for all claims alleged in the Complaint, regardless of whether they are named in their "official" or "individual" capacities.

As with absolute immunity, government officials are immune not only from trial, but must be expeditiously released from suit altogether. <u>Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 <u>U.S.</u> 139 (1993); <u>Harlow v. Fitzgerald,</u> 457 <u>U.S.</u> 800, 815 (1982); <u>see also</u>, <u>Hare v. Woodhead</u>, No. 08-5894, 2011 <u>U.S. Dist</u>. LEXIS 50224 (D.N.J. May 6, 2011**Error! Bookmark not defined.**) (qualified immunity is an entitlement not only to not stand trial but to avoid the burdens of litigation altogether). It is also well-settled that issues regarding the applicability of immunity should be decided at the earliest possible time so that its salutary purposes are not diminished. <u>Mitchell v. Forsyth</u>, 472 <u>U.S.</u> 511, 526 (1985), <u>supra</u> 475 U.S. at 817; <u>Hunter v. Bryant</u>, 502 <u>U.S.</u> 224, 227 (1991).

The Supreme Court has explained that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. Under this standard, a defense of qualified immunity may not even be rebutted by evidence that the defendant's conduct was malicious or improperly motivated; nor, do bare allegations of malice establish a constitutional claim. Crawford-El v. Britton, 523 U.S. 574, 588 (1998). Even when material facts are in dispute, the court may decide whether a government official has established the defense of qualified immunity as a matter of law. Anderson v. Creighton, 483 U.S. 635, 639 (1987).

In the qualified immunity analysis, the first step is to determine "whether the plaintiff has even alleged the deprivation of a right that either federal law or the Constitution protects." Gruenke v. Seip, 225 F. 3d 290, 298 (3d Cir. 2000)(citing Baker v. McCollan, 443 U.S. 137, 140 (1979)). After deciding whether a complaint states an actionable claim against the individual defendants, the Court must determine: (1) whether the law was clearly established at the time of the violation and the facts available to the official at that time; and, (2) whether a reasonable official would have believed his conduct was unlawful. Anderson, supra, 483 U.S. at 635; Paff v. Kaltenbach, 204 F.3d 425, 437 (3d Cir. 2000); Good v. Dauphin County Social Serv. for Children and Youth, 891 F.2d 1087 (3d

Cir. 1989).  If the answer to either question is "no", the inquiry ends there.  Hare v. Woodhead, No. 08-5894, 2011 U.S. Dist. LEXIS 50224 (D.N.J. May 6, 2011).

To be a "clearly established right," the Supreme Court has stated:

> **The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.** This is not to say that an official action is protected by qualified immunity unless the very action in question has been previously held unlawful, but it is to say that in light of pre-existing law the **unlawfulness must be apparent.**

Anderson, supra, 483 U.S. at 639 (emphasis added).

The Court's inquiry into the first issue is primarily a legal question.  Gruenke, supra, 225 F. 3d at 299.  If the right was not "clearly established" at the time of the conduct, the inquiry should not proceed any further and the official is deemed immune from personal liability for his or her discretionary actions.  Anderson, supra, 483 U.S. at 635.  If the right was sufficiently well-established, such that a reasonable official would have known of its existence, the court must then evaluate whether a reasonable official would have known that the challenged conduct violated the clearly established right.

The Third Circuit has set the contours of this requirement by noting that, "[i]t is not sufficient that the right at issue

be clearly established as a general matter. Rather, the question is whether a reasonable public official would know that his or her specific conduct violated clearly established rights." Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir. 1996). (emphasis in original) (citing Anderson, supra, 483 U.S. at 636-37). In answering this question, a court must "analyze the conduct of each individual defendant with respect to the constitutional right alleged to have been violated." Grant, supra, 98 F. 3d at 121.

Beyond a host of conclusory allegations, Plaintiff does not identify any specific conduct by any ECPO Defendant that violated his constitutional rights. The Third Circuit has imposed a heightened pleading standard to avoid dismissal of civil rights actions against government officials in their personal capacity. Ramirez v. U.S., 998 F. Supp. 425, 432 (D.N.J. 1998). A complaint brought against an individual government official must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs." Id. (Citations omitted.)

To satisfy this standard, a plaintiff must "allege the specific conduct violating the plaintiff's rights, the time and place of that conduct, and the identity of the responsible officials." Id. at 432. In a case brought against multiple

individual defendants, "the plaintiff must plead the personal involvement of each defendant with specificity and with sufficient facts to overcome a likely defense of immunity."  Id. at 432 (quoting Biase v. Kaplan, 852 F. Supp. 268, 287 (D.N.J. 1994)).

Here, plaintiff fails to meet this heightened pleading standard.  Plaintiff does not identify any specific conduct of any ECPO Defendant that allegedly violated his rights, nor does he allege that any ECPO Defendant knew that his or her specific conduct violated established rights.

The Complaint is devoid of any factual basis to conclude that any of the ECPO Defendants subjected plaintiff to a deprivation of his constitutional rights. It is well established that qualified immunity affords "protection to all but the plainly incompetent or those who knowingly violate the law." Biase v. Kaplan, 852 F. Supp. 268, 285-86 (1982).  There is nothing in the complaint that even remotely supports such a finding and the ECPO Defendants are entitled to qualified immunity and the dismissal of the Complaint.

<u>POINT VII</u>

**PLAINTIFF HAS FAILED TO MAKE A PRIMA FACIE SHOWING THAT THE ESSEX COUNTY PROSECUTOR'S OFFICE HAD A POLICY OR CUSTOM THAT CAUSED A VIOLATION OF HIS CONSTITUIONAL RIGHTS**

§ 1983 does not impose liability upon government agencies unless the agency deliberately acts to deprive a plaintiff of a federal right. <u>Board of Cty Comm'rs v. Brown</u>, 520 <u>U.S.</u> 397, 400, 415 (1997) ("Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights").  The plaintiff must show an agency "policy" or "custom" that caused his injury. <u>Id.</u> at 400; <u>City of Canton v. Harris</u>, 489 <u>U.S.</u> 378, 385 (1989) ( "our first inquiry in any case alleging municipal liability under §1983 is whether there is a direct casual link between a municipal policy or custom and the alleged constitutional deprivation"); <u>Monell v. Dep't of Soc. Services of the City of New York</u>, 436 <u>U.S.</u> 658, 690 (1978).

Here, plaintiff has failed to set forth any allegations regarding a policy or custom that could hold the ECPO, an arm of state government, liable for his alleged injuries.  Nothing in the plaintiff's complaint even remotely links a policy or custom of the ECPO to his alleged deprivation of rights. <u>See</u>, <u>Pembur v. City of Cincinnati</u>, 475 <u>U.S.</u> 469, 483-85 (1986) (holding that in

the case where a plaintiff seeks to impose liability on the basis of a single incident, the plaintiff must show the particular illegal cause of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued). See, Bell Atlantic Corp. v. Twombly, supra 550 U.S. at 555. (to survive a motion to dismiss "[f]actual allegations must be enough to raise a right to relief above the speculative level"); Zuk v. Eastern Pennsylvania Psychiatric Institute of the Medical College of Pennsylvania, 103 F.3d 294, 299 (3d Cir. 1996) ("the plaintiff must have some basis in fact for the action"). In view of the failure of the Complaint to set forth any facts to support a claim that there was a custom or policy of the ECPO which resulted in a denial of his constitutional rights, the Ninth Count of the Complaint, alleging a Monell violation, should be dismissed.

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed, in its entirety as to the State and all of the ECPO Defendants.

Respectfully Submitted,

**SCHENCK, PRICE, SMITH & KING, LLP**
220 Park Avenue, PO Box 991
Florham Park, New Jersey 07932
(973) 539-1000
Attorneys for Defendants, The State of
New Jersey; The Essex County
Prosecutor's Office; Acting Essex
County Prosecutor Robert Laurino;
Former Essex County Prosecutor Paula
Dow; Assistant Prosecutor Peter
Guarino; Assistant Prosecutor Cheryl
Cucinello; ECPO Detective Louis
Coregga; ECPO Detective Christopher
Smith; ECPO Detective Michael
Recktenwald; ECPO Agent Jack Eutsey;
ECPO Investigator Edward Jones; and
ECPO Investigator Patrick DeFrancisci


/s/John M. Bowens
JOHN M. BOWENS (JMB 2717)




Dated:   March 31, 2014