

**BONJEAN**
LAW GROUP, PLLC

1000 Dean Street, Suite 422
Brooklyn, New York 11238

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

March 22, 2021

The Honorable Michael A. Hammer
U.S.M.J for the District of New Jersey
Martin Luther King Bldg. & US Courthouse
50 Walnut Street, Courtroom 2C
Newark, NJ. 07101

> Re:   *Evans v. Newark, et al.*
>        14 CV 120

Dear Judge Hammer:

I write pursuant to Rule 37.2 to seek leave to file a motion to quash Defendant Carrega's Rule 45 subpoena issued Friday (3/19/21) in connection with the above-captioned case. [Ex. A – Subpoena][1] As this Court has reminded previously, ***written discovery is closed***. Fact discovery is due to close on March 31, 2021. Defendant Carrega's subpoena seeks an investigative file of a private investigator who interviewed and took a sworn statement from a witness in this litigation in June 2017. The witness and investigator have been known to the parties for years and the sworn statement was produced to the Defendants long before the close of written discovery, providing the parties ample opportunity to seek any documents it wanted from the investigator while written discovery was pending.

As this Court recalls, Plaintiff issued a Rule 45 subpoena on September 1, 2020, seeking a variety of documents from the Essex County Prosecutor's Office (including documents only discovered via oral depositions of the defendants). As this Court may also recall, Defendant Carrega moved to quash the subpoena (or portions thereof), arguing that Plaintiff was precluded from issuing written discovery requests to Carrega since written discovery had closed and Plaintiff was confined to seeking *only* those documents contained in the court's August 17, 2020 order [Dkt. No. 157] .

This Court *granted* Carrega's motion and quashed the subpoena almost in its entirety on the basis that written discovery had closed and that Plaintiff was not permitted to seek written

---

[1] Consistent with heer meet and confer obligations, undersigned counsel emailed counsel for Defendant Carrega on Friday to discuss the issuance of the subpoena but received no response.



1000 Dean Street, Suite 422
Brooklyn, New York 11238

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

discovery that went outside its August 17, 2020 order.[2] Indeed, when undersigned counsel reminded this court during argument that Plaintiff had not waived discovery as to Defendant Carrega and stated that she had no reason to believe that Plaintiff was prohibited from issuing Rule 45 subpoenas for documents from third parties, this Court admonished "[t]he deadline for serving written discovery have long since passed in this case." [Ex. B at 8 -  Court's 11/16/20 Ruling] The Court also found that the materials sought by Plaintiff's Rule 45 subpoena, such as two criminal files related to malicious prosecution cases in which the *defendants in this case* had been sued, could have been obtained by Plaintiff's prior attorney, notwithstanding that the defendants did not disclose those lawsuits until their depositions. [Ex. B at 31 -  Court's 11/16/20 Ruling]

Consistent with the foregoing, Plaintiff seeks leave to file a motion to quash Defendant Carrega's Rule 45 subpoena which seeks written documents, namely an investigative file, of which it was aware when written discovery was open and which he failed to obtain despite having ample opportunity to do so. Presumably the rules are not one-sided and that Defendants are also precluded from seeking written discovery that was known to them prior to the close of written discovery.

Additionally, the parties had a meet and confer on Friday, March 15, 20201 to *again* discuss the outstanding discovery issues in accordance with this Court's order of March 9, 20201 [Dkt. No. 186] During that meet and confer, undersigned counsel communicated to opposing counsel that Plaintiff will not consent to an extension of fact discovery *except* to conduct those depositions that have already been noticed by Plaintiff (over six months ago) and which are the subject of objections by the City yet to be resolved by this Court.

Several hours after that meet and confer conference on Friday, the City of Newark issued three eleventh-hour subpoenas to take depositions of individuals the parties have known about for many years. After not taking a single deposition other than the Plaintiff's, the City is now attempting to take three depositions on the two final days before the end of fact discovery (March 30 and March 31). Plaintiff has *not* sought to extend fact discovery nor does he intend to.

---

[2] Plaintiff moved for reconsideration on the grounds that the court's August 17, 2020 Order was a ruling on Plaintiff's motion to seek written discovery from the *City of Newark* – not the individual defendants against whom Plaintiff had never waived his written discovery rights. Plaintiff contended that the order was not understood by Plaintiff to be a limitation on the scope of or intended to limit all written discovery, supplemental written discovery, and even third-party discovery as to *all* parties for *all* time. This court denied reconsideration and Plaintiff has appealed.



1000 Dean Street, Suite 422
Brooklyn, New York 11238

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

**BONJEAN**
LAW GROUP, PLLC

      Plaintiff has been consistently reminded of the past failures of his prior attorney which forms the basis of this court's rulings and defense counsels' arguments for preventing Plaintiff from conducting supplemental written discovery, and even third-party written discovery. Indeed, as will be addressed further in the letter due to this court on April 9, 2021, the City has taken the position that Plaintiff's oral discovery rights should also be limited by this Court's August 17, 2020 order. In other words, Plaintiff's prior counsel's waiver of issuing written discovery requests to the City has been converted into a far-reaching limitation on the scope of all discovery against all defendants. Plaintiff has suffered serious sanctions as a result of his prior attorneys' failures to abide by scheduling deadlines, Defendants should be expected to play by the same rules and face the same consequences as has Plaintiff.

      Accordingly, Plaintiff will move to quash any subpoena for oral depositions that were not properly served prior to the close of fact discovery.

      Respectfully Submitted,


      /s/JENNIFER BONJEAN

cc:  All parties via ECF