# Newark

Ras J. Baraka
Mayor

---

**Department of Law**

920 Broad Street
Room 316
Newark NJ 07102
973-733-3880 Main
973 733-5394 Fax

**Kenyatta Stewart**
Corporation Counsel

Gary S. Lipshutz
First Assistant Corporation Counsel
Direct Dial (973) 733-5945
lipshutzg@ci.newark.nj.us

April 12, 2021

<u>Via ECF</u>
Hon. Michael A. Hammer, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building and Court House
Newark, New Jersey 07102

    Re:    <u>Lee Evans v. City of Newark et al.</u>
            CIVIL ACTION NO. 14-cv-120 (KM-MAH)

**City of Newark defendants' portion of status report [D.E. 196]**

Dear Judge Hammer:

Your Honor Ordered the parties to provide a joint status report. I received the Plaintiff's statement of issues on the morning of April 9, 2021 (the day it was due to be filed). Because I had an emergency dental issue, I was unable to provide the City of Newark defendants' input on April 9, 2021 and now respectfully submit the following:

1. **Documents from Defendant Carrega**

The City of Newark defendants take no position.

2. **Lists of Lawsuits Against Defendant Officers**

This Court's November 16, 2020 Order required the City of Newark defendants to search for and turn over "prior lawsuits, which shall include the name, court and caption for any action filed against [the individual defendants] for the period of 2007 to 2011, relating to false arrest, malicious prosecution, withholding *Brady* material or otherwise exculpatory information, or mishandling or tampering with evidence.

In June 2020, prior to the entry of that Order, the Plaintiff served an OPRA request on the City that sought all civil lawsuit complaints brought against **any member** of the Newark Police Department from 2008-2018. In about September 2020, the City diligently searched for, and turned over, approximately **ninety-one** unredacted civil complaints, in both state and federal courts. These were **all** the civil rights lawsuits that

<u>Lee Evans v. City of Newark et al.</u>
CIVIL ACTION NO. 14-cv-120 (KM-MAH)
April 12, 2021
Page - 2 –

the City could locate and some included actually claims against the individual defendants.

The City believes that its prior service of these complaints, albeit in response to an OPRA request, complies with the requirements of Your Honor's Order, with the exception of 2007. We have since reviewed the limited records that we have for 2007 and have been unable to locate any further responsive complaints against the individual defendants.

3. **City's Compliance with this Court's August 17, 2020 Order**

It is the City of Newark Defendants' position that they have complied with the Court's August 17, 2020 Order. This Court disallowed any written discovery on the City of Newark Defendants, except as to the following three topics limited both temporarily and in scope:

1. For the officers directly involved in the investigation and prosecution of Plaintiff, and their immediate supervisor(s), for the period of 2007 to 2011, the records of any Internal Affairs investigation, disciplinary charges, and punishment or discipline relating to false arrest, malicious prosecution, withholding *Brady* material or otherwise exculpatory information, or mishandling or tampering with evidence;

2. For the period of 2007 to 2011, any policies, procedures, and practices of the City of Newark Police Department regarding the preparation of police reports, the disclosure of *Brady* material or otherwise exculpatory information to a criminally charged defendant, and the proper handling of physical evidence and witness statement, including the taking of or memorializing a statement from a witness; and

3. For the period of 2007 to 2011, any training materials for the City of Newark Police Department concerning the preparation of police reports, the disclosure of *Brady* material or otherwise exculpatory information to a criminally charged defendant, and the proper handling of physical evidence and witness statements, including the taking of or memorializing a statement from a witness. [D.E. 152].

On September 20, 2020, (33 days after the Court's Order), counsel obtained and reviewed the comprehensive disciplinary histories for the following Newark Police Officers:

      Defendant Chief of Police Darnell Henry
      Defendant Detective Joseph Hadley
      Detective Murad Muhammad (never named as a defendant)
      Detective Rashid Sabur (deceased)

<u>Lee Evans v. City of Newark et al.</u>
CIVIL ACTION NO. 14-cv-120 (KM-MAH)
April 12, 2021
Page - 3 –

        Detective Keith Sheppard (dismissed)

    We advised Plaintiff that our review of these histories disclosed no professional standard investigations against these officers directly concerning: (1) false arrest; (2) malicious prosecution; (3) withholding Brady material/exculpatory information; or (4) mishandling/tampering with evidence (exactly what was required by the Court's Order). Nevertheless, we identified two potentially responsive investigations, and in order to ascertain if they were responsive, we requested that NPD produce such investigations for internal review. These two investigations were then reviewed and similarly were not responsive. In other words, the City of Newark Defendants possess no responsive documents to Item 1 of the Court's August 17, 2020. If the Court would like to review the comprehensive disciplinary histories *in camera*, we have no objection.

    Also, on September 20, 2020, the City of Newark defendants turned over the following items responsive to items 2 & 3 of the Court's August 17, 2020 Order:

        General Order (G.O.) 06-01 (Electronically Recorded Statements) (i.e., statements/confessions)
        G.O. 03-01 (Bias Incident Investigation)
        G.O. 64-4 (Methods of Writing Reports in the Field)
        G.O. 64-19 (Incident Report)
        G.O. 11-02 (Retention of Contemporaneous Notes)
        G.O. 99-05 (Crime Scene Procedures)
        G.O. 18-23 (Property and Evidence Management)
        And, In Service Training Bulletin:"Courtroom Testimony – Brady v. Maryland and Giglio v. United States."

    The City swiftly and reasonably complied with the Court's Order. These are the General Orders from the City of Newark Division of Police that concern the topics identified by the Court. Moreover, obviously, police officers are trained on these General Orders.

    The City does not have to turn over the training records of Defendants Hadley and Henry as this Court did not Order them to be produced.

    The City fully complied with this Court's Order.

    4. **Scope of 30(b)(6) Testimony**

    The City of Newark Defendants have never disputed that they need produce a designated witness. The scope of the testimony is at issue. It is the City of Newark Defendants' position that they need produce a witness to address the three limited topics set forth in this Court's August 17, 2020 Order, and so limited to the time frame specified by this Court. Otherwise, Plaintiff can simply sidestep the Court's Order by adding new topics and time periods. Indeed, that is exactly what occurred here:

<u>Lee Evans v. City of Newark et al.</u>
CIVIL ACTION NO. 14-cv-120 (KM-MAH)
April 12, 2021
Page - 4 –

Plaintiff's 30(b)6 notice (Exhibit A) requires that the City produce a witness to speak to policies and practices between <u>1994-2010</u> (not 2007-2011), and on such varied topics as <u>*missing persons, homicide, and cold-case investigations, and probable cause determinations*</u>, all areas beyond what the Court previously allowed.  In addition, the Notice sought a witness to speak <u>*to training in all of these areas from 1994-2010*</u>.

Essentially, the Plaintiff's 30(b)6 notice acts as a disguised notice to produce, requiring the witness to produce:

> at least seven (7) days prior to the deposition, any and <u>*all documents related to the above topics*</u> within their possession, custody, or control, or, if the documents have already been produced in this litigation, identify those documents by bates number.

This notice is a directly contrary to this Court's Order on the scope of limited written discovery permitted by this Court.  The City is entitled to rely upon the limitation of this Court's discovery Order.

5. **Depositions of Defendants McCarthy and Booker.**

We have agreed to and will be providing a date for the deposition of former Police Director McCarthy shortly.

As to Senator Booker, we offered two reasonable, less intrusive alternatives: 1. have Defendant Booker answer written deposition questions in lieu of an oral deposition (F.R.C.P. 31).  2. Take the deposition of then-Acting Prosecutor Robert Laurino who could easily dispel the notion that Senator Booker had any input or influence on the determination to prosecute Plaintiff.  Plaintiff has steadfastly refused either option.

The Plaintiff has deposed prosecutor Cheryl Cuccinello who tried the criminal case against Evans along with prosecutor Peter Guarino.  She confirmed that it was *Acting Prosecutor Laurino* who authorized the charges against Evans.  As to then-Mayor Booker, she confirmed that she never spoke to him about the case, that she was not aware of anyone in the Prosecutor's Office who spoke with him, and that she had no knowledge whether Mayor Booker had any input on the determination to bring charges against Evans.  Note, the Affidavit in support of the warrant to arrest Evans was signed by Essex County Prosecutor's Office Lt. Carrega, not by Henry or Hadley.

So as to move the ball forward, the <u>City of Newark Defendants</u> subpoenaed then-Acting Prosecutor Laurino whose deposition is tentatively scheduled for April 29, 2021.  As we have been all along, we are willing to revisit the necessity of the deposition of Senator Booker after this deposition.

<u>Lee Evans v. City of Newark et al.</u>
CIVIL ACTION NO. 14-cv-120 (KM-MAH)
April 12, 2021
Page - 5 –

                                          Respectfully,

                                          Kenyatta Stewart
                                          Corporation Counsel

                                          By: <u>/s/ Gary S. Lipshutz</u>
                                               Gary S. Lipshutz
                                             First Assistant Corporation Counsel

/GSL