## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **LEE EVANS,** | |
| **Plaintiff,** | Civ. No. 14-120 |
| **v.** | **OPINION** |
| **CITY OF NEWARK, *et al.*,** | |
| **Defendants.** | |

This matter comes before the Court on the motion (DE 182) of Plaintiff Lee Evans to appeal Magistrate Judge Hammer's February 17, 2021 order (DE 181) on reconsideration of the November 16, 2020 order (DE 162) quashing Plaintiff's Rule 45 subpoena to the Essex County Prosecutor's Office.

## I.    Background[1]

The full background of the case is not described here. (*See, e.g.*, Opinion (DE 71).) Instead, I recite only the details relevant to this motion, which appeals Judge Hammer's order denying Plaintiff's motion for reconsideration, which in turn challenged Judge Hammer's prior order quashing Plaintiff's subpoena to Essex County Prosecutor's Office (ECPO).

---

[1]    For ease of reference, certain key items from the record will be abbreviated as follows:

|  |  |  |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "Tr." | = | Transcript of November 16, 2020 Hearing before Judge Hammer (DE 182-9) |
| "Pl. Brf." | = | Memorandum of Law in Support of Plaintiff's Motion (DE 182-1) |
| "Def. Brf." | = | Defendant Carrega's Memorandum of Law in Opposition to Plaintiff's Motion (DE 189) |
| "Pl. Reply" | = | Reply Memorandum of Law (DE 195) |

This case was removed to this Court in January of 2014. (DE 1.) As Judge Hammer has explained, "[t]his matter has a long procedural history punctuated by several changes of counsel for Plaintiff, and myriad disputes and difficulties in completing discovery." (DE 181 at n.5.)

On August 17, 2020, following a hearing on the parties' discovery disputes, Judge Hammer ordered that Plaintiff could not serve written discovery on the City of Newark Defendants with the exception of certain designated categories. (DE 152.) On September 1, 2020, Plaintiff issued a Rule 45 subpoena to ECPO. (Pl. Brf., Ex. F.) In relevant part, the subpoena sought the following information:

> Any and all Documents, records, and/or files in your possession, custody, and control that comprise, constitute, refer, or relate to the investigation, criminal prosecution, trial, and dismissal in the cases of:
>
> 1) *State of New Jersey v. Corey Fallen*, Case Number: ESX-12-007067; Complaint Number: W2012 0036070706
>
> 2) *State of New Jersey v. Johnny Be Jones III*, Indictment No: 14-05-01287-I; Case Number: ESX-12-007067
>
> 3) *State of New Jersey v. Brian Love*, Indictment No: 14-05-01287-I; Case Number: ESX-12-007067
>
> 4) *State of New Jersey v. Peter Labrada*
>
> Including but not limited to:
>
> a) Charging instruments, pleadings, motions, discovery requests, documents tendered in discovery and discovery receipts, subpoenas, subpoenas duces tecum, court orders, and correspondence;
>
> b) All police reports; investigative reports; supplemental or continuation reports;
>
> c) Photographs (including but not limited to line-up photos, photo arrays and crime scene photos);
>
> d) Any statements of all the defendants and witnesses whether oral, handwritten, court reported, or audio and/or video recorded;

e) Any requests or protocols for the testing and/or analysis of DNA, fingerprints, blood and other bodily fluids, and any other materials or physical evidence, and any laboratory reports and test results relating to such testing and/or analysis;

f) All investigators' reports and notes;

g) Transcripts of court proceedings (including but not limited to status hearings, pre- trial motions, grand jury, trial, post-conviction, and dismissal hearings);

h) Any exhibits marked for identification and/or admitted into evidence, and any evidence used or available for use at trial, and/or dismissal.

5) All policies, guidelines, directives, and Standard Operating Procedures of the Essex County Prosecutor's Office or any agency affiliate with the Essex County Prosecutor's Office related to investigative procedures in effect between 2007 and 2012.

(Pl. Brf., Ex. F.) Defendant Carrega moved to quash Plaintiff's subpoena, though his motion focused on the request for personnel, disciplinary, and performance files.[2] (DE 157.) After holding a hearing with the parties, Judge Hammer ordered ECPO to turn over certain information about the prior lawsuits, including the captions, but quashed Plaintiff's subpoena in all other respects. (DE 162 at 2.)

Plaintiff filed a motion to reconsider Judge Hammer's order specific to the request for criminal prosecution files for two criminal cases that were investigated by two of the defendants in this case and the request for ECPO policies pertaining to criminal investigations. (DE 166.) Judge Hammer denied the motion, and Plaintiff now appeals that decision. (DE 181.)

## II.   Legal Standard

The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the

---

[2] Plaintiff did not seek reconsideration of Judge Hammer's Order with respect to Defendant Carrega's personnel/disciplinary records. (DE 181 at n.2.)

3

discretion granted to the Magistrate Judge in non-dispositive matters. Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, an abuse of discretion standard is appropriate. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (internal quotations omitted); *see Deluccia*, 2012 WL 909548, at *1 (same).

## III.   Discussion

Plaintiff appeals Judge Hammer's decision, arguing as follows: (1) the ECPO did not move to quash the subpoena[3]; (2) no party to the lawsuit moved to quash those paragraphs of the subpoena; (3) the requests are clearly relevant to the litigation; and (4) the subpoena did not end-run Judge Hammer's August 17, 2020 order that was entered in response to Plaintiff's motion to issue written discovery requests to the City of Newark. (Pl. Brf. at 13.)

As Judge Hammer explained in denying reconsideration:

[The November 16, 2020] ruling was an appropriate enforcement of the Court's August 17, 2020 ruling. The August 17, 2020 decision allowed certain of Plaintiff's discovery requests and denied others, finding that Plaintiff's requests were unduly broad and far-reaching as a general matter, and certainly in view of the age and procedural history of this case. Plaintiff neither moved for reconsideration of that decision, nor appealed it. Instead, Plaintiff attempted to obtain the remaining discovery through the subpoena, notwithstanding the limitations in the August 17, 2020 ruling. It is well settled that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982); *see also Coyle v.*

---

[3] Plaintiff does not argue that Carrega lacked standing to oppose the subpoena, and in fact acknowledged that he did. (Ex. H at 13.)

*Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted); *Gerald Chamales Corp. v. Oki Data Americas*, Inc., 247 F.R.D. 453, 454 (D.N.J. 2007) ("Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.").

Plaintiff has not met his burden of establishing that the Magistrate Judge's decision constituted an abuse of discretion or was otherwise clearly erroneous or contrary to law. *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). Plaintiff has not identified any controlling case law contrary to Judge Hammer's order,[4] and I am not "left with the definite and firm conviction that a mistake has been committed." *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009). Judge Hammer explained that his order quashing Plaintiff's subpoena was an enforcement of his August 2020 discovery order. (Tr. at 31.) Plaintiff has offered a competing view, but I do not place Plaintiff's interpretation of Judge Hammer's order over Judge Hammer's own interpretation.

In the transcript from the November 16, 2020 hearing, Judge Hammer clearly expressed his view that the Subpoena was in violation of the August 17, 2020 order and allowed Plaintiff to respond. (Tr. at 6.) Plaintiff acknowledged that the Subpoena would fall within the categories discussed in the Order but stated counsel's position that the order did not apply to Defendant Carrega. (Tr. at 16.) Judge Hammer clarified that it did apply to Carrega. (Tr. at 23.) Paragraph 1 of the August 2020 Order applies to "officers directly involved in the investigation and prosecution of Plaintiff, and their immediate

---

[4] Plaintiff's citation to *Conrey v. IBM Corp. (In re Subpoena to Keebaugh)*, 2019 U.S. Dist. LEXIS 193395 (E.D. Pa. Nov. 6, 2019) is unconvincing, as the current dispute involves an interpretation of Judge Hammer's prior discovery order, a matter as to which Judge Hammer obviously has both discretion and expertise. Further, the *Conrey* proposition to which Plaintiff cites—that it was improper to issue a third-party subpoena to obtain information already requested from the parties—does not mean Plaintiff's third-party subpoena should be allowed simply because the documents are not in the parties' possession. *Id.* at *12.

supervisor(s)." (DE 152 at 2.) Carrega is identified in the Complaint as having submitted an affidavit in support of an application for an arrest warrant for the Plaintiff. (DE 33-1 at ¶ 17.) Carrega therefore was such an officer, and fell within the purview of the order.

Plaintiff argues further that he should be relieved from the order because the need for the sought-after information was unforeseen; it arose, he says, only during Carrega's deposition. It was foreseeable, however, even from the allegations of the Complaint, that plaintiff would seek information about these policies and practices. Additionally, the deadline for serving written discovery had already passed, based on the order issued after the November 22, 2019 teleconference. (Tr. at 8, 9.)

This dispute is fundamentally one of scheduling and discovery management. Judge Hammer appropriately exercised his broad authority to manage discovery, especially in light of the longevity of the discovery process in this case. Judge Hammer's February 17, 2021 order is therefore affirmed.

## IV.   Conclusion

Accordingly, for the reasons expressed above, Plaintiff's appeal (DE 182) is denied, and the order of Magistrate Judge Hammer (DE 181) is affirmed. An appropriate order follows.

Dated: May 19, 2021

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**

6