

**Serving Our Clients and Community
For Over 100 Years**

**JAMES A. KASSIS**
Certified by the Supreme
Court of New Jersey as a
Civil Trial Attorney
Admitted in NJ and NY
Direct Line: 973-540-7339
Email: jak@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932
Telephone: 973-539-1000
Fax: 973-540-7300

www.spsk.com

September 16, 2021

<u>**VIA ECF ONLY**</u>

Honorable Michael A. Hammer, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
 & US Courthouse
50 Walnut Street
Newark, New Jersey 07101

    **Re:**  Lee Evans vs. Newark City, et al.
        Civil Action No. 2:14-cv-00120
        Our File No. 24090-22

Dear Magistrate Judge Hammer:

### Introduction

  We represent Retired Essex County Detective Louis Carrega ("Det. Carrega") in the captioned litigation. Kindly accept this correspondence in lieu of a more formal brief in support of Det. Carrega's motion to compel testimony from non-party witness Philander Hampton ("Hampton").

### Background

  As the court is generally familiar, this lawsuit arises from alleged civil rights violations. Plaintiff, Lee Evans ("Plaintiff"), was arrested for the murder of five teenagers who went missing in 1978. The cold case investigation was aided by a 2008 confession from Plaintiff's cousin, Philander Hampton, who told investigators he and Plaintiff barricaded the five teenagers in a house and burned it down because the teenagers absconded with a large quantity of Plaintiff's street drugs. The arrest was effectuated pursuant to a warrant issued by the Honorable Peter J. Vazquez of the New Jersey Superior Court predicated upon an affidavit submitted by Det. Carrega. The matter was presented to a Grand Jury which found there was probable cause to indict Plaintiff. But with the difficulties attendant to trying a 30-year-old cold case on his side, Plaintiff was acquitted by a jury on November 23, 2011.



Honorable Michael A. Hammer, U.S.M.J.
United States District Court
September 16, 2021
Page 2 of 4

Plaintiff filed this lawsuit against various state, county and local entities and individuals, including Essex County Investigator Det. Carrega, alleging civil rights violations under federal and state laws emanating from false arrest, malicious prosecution and abuse of process as well as interposing other state law claims. A true and accurate copy of the Amended Complaint is attached to the Certification of James A. Kassis ("Kassis Cert.") as **Exhibit A.**

### Deposition Subpoena Issued to Philander Hampton

Hampton's testimony is material to the defense of this lawsuit owing to the role he played in the arrest of Plaintiff. After two attempts, Hampton was successfully served with a subpoena to take deposition. The Subpoenas were issued by counsel for Defendant City of Newark. A true and correct copy of the served Subpoena is annexed to the Kassis Cert. as **Exbibit B.** The Subpoena was served by process server Victor Rodriguez pursuant to Rule 45 of the Federal Rules of Civil Procedure. A true and correct copy of the Proof of Service is attached to the Kassis Cert. as **Exhibit C.** The Proof of Service indicates it was personally "served on" and "accepted by" Philander Hampton" on July 30, 2021, at 61 Chelsea Avenue, Newark. The Subpoena commanded Hampton to appear for his deposition on August 26, 2021, at 9:00 a.m. at the City of Newark Law Department, 920 Broad Street, Room 316, Newark, NJ 07102.

Hampton did not contact counsel regarding the deposition, nor did he file any motion to quash or otherwise object to the subpoena for deposition. All counsel appeared via Zoom teleconference for Hampton's subpoenaed deposition at the appointed date and time except for counsel for the City of Newark who appeared personally at the address designated in the Subpoena. Hampton failed to appear, and after approximately 24 minutes, the deposition was concluded. A record was made of Hampton's failure to attend his subpoenaed deposition. A true and correct copy of the Statement on the Record memorializing Hampton's failure to appear is attached to the Kassis Cert. as **Exhibit D.**

Counsel for Plaintiff questioned on the record whether Hampton was personally served because the subpoena identifies one of his addresses for service as 59 Chelsea Avenue, which is what Plaintiff's counsel understands to be Hampton's address, but the Proof of Service indicates he was served at 61 Chelsea Avenue, Newark. See Statement on the Record, 9:21 to 10:4, attached as **Exhibit D.** In a subsequent telephone call initiated by the undersigned to Plaintiff's counsel seeking consent to file a consent order compelling Hampton's deposition to obviate the need for motion practice, counsel declined to consent and further questioned the validity of service taking issue with the accuracy of the process server's description of Hampton delineated in the Proof of Service relating to Hampton's approximate age, height and weight.

### Legal Argument

Rule 45 of the Federal Rules of Civil Procedure permits a party to procure discovery from a non-party through the issuance of a subpoena. See Fed. R. Civ. P. 45. A non-party's failure to comply with a



subpoena may be deemed a contempt of court  See Fed. R. Civ. P. 45(e).  The Rule enables a party to compel a non-party to appear for deposition.  See Fed. R. Civ. P. 45(a)(1)(A(iii).

A subpoena was issued to Philander Hampton pursuant to Rule 45 of the Federal Rules of Civil Procedure.  The Proof of Service indicates the subpoena was personally "served on" and "accepted by" Philander Hampton" on July 30, 2021, at 61 Chelsea Avenue, Newark.  The Subpoena commanded Hampton to appear for his deposition on August 26, 2021, at 9:00 a.m. at the City of Newark Law Department, 920 Broad Street, Room 316, Newark, NJ 07102. Hampton failed to appear. This motion seeks an order compelling Hampton to appear for deposition.

Plaintiff's queries concerning whether Hampton was served are not anchored to any facts and are at best speculative beliefs. There is no viable basis to impugn the declaration of Victor Rodriguez, a licensed process server with Guaranteed Subpoena, who "declare[d] under penalty of perjury under the laws of the United States of America that" the Subpoena was personally "served on" and "accepted by" "Philander Hampton" on July 30, 2021, at 1:24 p.m. at 61 Chelsea Avenue, Newark. The "Relationship/Title" field that relates to the relationship of the person served indicates "SELF."

It is common practice for process servers, who do not walk around with scales and measuring tapes, and who often deal with individuals who attempt to evade service, to approximate the height, age and weight of the individuals to be served.   It is also not uncommon to find the process server to locate the target of the subpoena at an address other than the one listed in the Subpoena because humans are not static and because process servers ask follow-up questions.  In this case, Hampton was located next door.  That hardly forms a basis to question whether Hampton was or was not served. Equally unavailing is the suggestion that the approximate description of Hampton's height, age and weight offers a valid basis for questioning service of the subpoena.  It does not.   On the contrary, Hampton's Temporary Offender ID Card supports the process server's description in terms of sex, age, weight, skin and hair color.  A true and correct copy of is attached to the Kassis Cert. as **Exhibit E.**

Process server Rodriguez estimated Hampton's height to be 5'4 to 5'8.  Apparently, from the attached Temporary Offender ID Card, Hampton's height is actually approximately 5'10.  In other contexts, this potential height differential (2-6 inches) has been held not at all significant.  In cases concerning allegations of false arrest, for example, where identification of suspects is a much more serious endeavor than service of process, courts have recognized that such a height discrepancy is not problematic.  The paradigm case is Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000).  There, a police officer claimed that probable cause for a warrant existed because a robbery victim positively identified Wilson from a photo array. Id. at 785. When the officer sought the arrest warrant of Wilson, he did not tell the judge that the victim estimated the robber's height on the day of the crime to be 6'2" to 6'4'', but the man she identified three days later in a photo lineup (Wilson) was only 5'11". Id. Addressing this 3-5 inch height discrepancy, the Third Circuit ruled that "this indication of unreliability does not, from the vantage point of the arresting officer, fatally undermine the forceful positive identification." Id. at 791. The court also noted, however, that different facts could produce different results. For example, it stated that there could be "substantial evidence



Honorable Michael A. Hammer, U.S.M.J.
United States District Court
September 16, 2021
Page 4 of 4

of the witness's own reliability" if the witness described a victim as 7' tall but selected a person who is only 5' tall. Id. at 790. The court gave this illustrative example to explain that materiality is grounded in common sense and "glaring discrepancies in a witness' testimony can undermine the reliability of a witness who provides a positive identification." Andrews v. Scuilli, 853 F.3d 690, 702 (3d Cir. 2017)(interpreting Wilson).

The estimated height of Hampton is close enough to Wilson that any claimed service deficiency should be disregarded. The potential difference of two-six inches does not make the discrepancy glaring. Indeed, it is far closer to Wilson than the two-foot discrepancy in that court's example. See also Stackhouse v. City of E. Orange, No. 07-05502, 2012 WL 359727, at *5 (D.N.J. Feb. 1, 2012) (finding that five inch difference (5'8" to 6'1") "sufficiently match[ed] the description"). And other cases that have found material discrepancies in height involved more egregious errors. See Robinson v. Winslow Twp., 973 F. Supp. 461, 471 (D.N.J. 1997) ("A reasonable jury could conclude that ... the police should have known that the eyewitnesses simply could not have described a 5'4" man as being six foot tall."). Ultimately, the estimated height difference of process server Rodriguez does not "fall well outside common-sense margins of error that typically apply to witness' subjective observations involving estimation and approximation." Andrews, 853 F.3d at 702 n.14.

Finally, Plaintiff's objection to the subpoena will be rendered moot because the within motion will be served on Hampton via regular mail and certified mail at 61 Chelsea Avenue, Newark, and if a question arises again concerning proper service it could be addressed at that time.

We appreciate the Court's attention to this matter.

        Respectfully,
        SCHENCK, PRICE, SMITH & KING, LLP

        /s/ James A. Kassis

        James A. Kassis

JAK/bms
Encl.
cc:    All Counsel (via ECF)
       Philander Hampton (via Regular Mail and Certified Mail, RRR)