

**FRANKLIN BARBOSA, JR.**
*Admitted in NJ & NY*

Direct Line: 973-539-1013
Email: fb@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932
Telephone: 973-539-1000
Fax: 973-540-7300
www.spsk.com

August 8, 2022

**VIA ECF ONLY**

| | |
|---|---|
| Honorable Kevin McNulty, U.S.D.J.<br>United States District Court<br>Martin Luther King, Jr. Federal Building and<br>United States Courthouse<br>50 Walnut Street<br>Newark, NJ  07101 | Honorable Michael A. Hammer, U.S.M.J.<br>United States District Court<br>Martin Luther King, Jr. Federal Building and<br>United States Courthouse<br>50 Walnut Street<br>Newark, NJ  07101 |

    Re:    Lee Evans vs. Newark City, et al.
              Civil Action No. 2:14-cv-00120
              Our File No. 24090-22

Dear Judge McNulty and Judge Hammer:

    This office represents Defendant, Louis Carrega, in the above-referenced matter.  We write on behalf of Lt. Carrega to request permission to file an overlength brief in support of Lt. Carrega's motion for summary judgment, which brief is due on August 17, 2022. [ECF No. 228].  Lt. Carrega's overlength brief will be 9-11 pages over the 40-page limit set forth in Rule 7.2(b) of the Local Civil Rules.

    Local Civil Rule 7.2(b) provides, in relevant part:

> Any brief shall include a table of contents and a table of authorities and shall not exceed 40 ordinary typed or printed pages (15 pages for any reply brief submitted under L.Civ.R. 7.1(d)(3) and any brief in support of or in opposition to a motion for reconsideration submitted under L.Civ.R. 7.1(i)), excluding pages required for the table of contents and authorities.

*See L. Civ. R. 7.2(b)*.  The rule empowers the Court to authorize the filing of a brief that exceeds the limitation: "Briefs of greater length will only be accepted if special permission of the Judge or Magistrate Judge is obtained prior to submission of the brief."  *Id.*

    Courts are flexible in their approach towards relaxing the Local Civil Rules.  *See*, *e.g.*, *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000).  "[A] district court can



depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *Id.*; *see also Bucholz v. Victor Printing*, 877 F. Supp. 2d 180, 182 n.1 (D.N.J. 2012) (Hillman) (granting permission to file overlength reply brief).

The court appropriately exercises its discretion to permit the filing of an overlength brief where a brief addresses an extensive fact pattern and/or multiple complex legal issues. Judge Simandle applied this approach in *Rosenberg v. JCA Associates*, and accepted defendant's over-length brief, reasoning that "relaxation of Rule 7.2(b) is warranted" where, as here, a party's motion "address[es] a number of complex issues that require extensive briefing." 2007 U.S. Dist. LEXIS 23570, at *4 (D.N.J. March 30, 2007); *see also Ingram v. City of Camden*, 2018 U.S. Dist. LEXIS 195742, at *7 (D.N.J. Nov. 16, 2018) (Simandle) (allowing overlength briefs on motion to strike expert testimony due to complexity of motion and "plethora of issues and arguments raised").

For several reasons, the Court should permit Lt. Carrega to file an overlength brief. *First*, Lt. Carrega seeks permission to file an overlength brief in accordance with *L.Civ.R.* 7.2(b), namely prior to filing any such brief. In other words, Lt. Carrega's efforts to comply with the Local Rules should factor into the Court's assessment. *See Globespanvirata, Inc. v. Tex. Instrument, Inc.*, 2005 U.S. Dist. LEXIS 27820, *7 (D.N.J. Nov. 10, 2005) (Brown) (referring to grant of application to file overlength brief where permission was sought prior to filing summary judgment brief). *Second*, the fact pattern relevant to the parties' claims and defenses is expansive, spanning over four decades. If the Court recalls, this matter concerns the disappearance of five boys in 1978 and the ensuing multi-decade investigation and eventual criminal trial of Plaintiff. A fulsome presentation of the relevant facts and application of same to the prevailing legal issues is necessary to the Court's consideration of the merits. A modest page limit increase is appropriate under these unique circumstances. *Third*, in connection with the summary judgment motion, the parties must address several complex legal issues. For example, the parties must address probable cause, malice and immunity defenses. The complexity of the legal issues addressed by the parties is magnified by the sheer volume of facts – four decades' worth – which must factor into the analysis. *Fourth*, Lt. Carrega's brief is anticipated to exceed the 40-page limit by 9-11 pages. Lt. Carrega's request for a page limit increase is proportionate to the deluge of facts and complexity of the legal issues implicated by the summary judgment motion. *Lastly*, no prejudice will befall Plaintiff if the Court permits Lt. Carrega to file an overlength brief. To ensure Plaintiff is not prejudiced, Lt. Carrega consents to Plaintiff filing a similarly modest overlength brief to the extent necessary to respond to the arguments set forth in Lt. Carrega's moving brief.

In sum, the foregoing factors weigh in favor of the Court allowing Plaintiff to file an overlength brief.

In the event the Court prefers that Lt. Carrega submit a formal motion in support of this request, Lt. Carrega is prepared to do so.



We thank the Court for its consideration of this matter.

          Respectfully submitted,

          SCHENCK, PRICE, SMITH & KING, LLP

          */s/ Franklin Barbosa, Jr.*

          Franklin Barbosa, Jr.

cc:    Counsel of Record (via ECF)